ANTOINETTE R. CIARLEGLIO *vs.* WILLIAM M. JONAS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 7th—decided July 25th, 1933.

*William H. Burland* and *Morris B. Straka,* for the appellant (plaintiff).

*M. Joseph Blumenfeld,* for the appellee (defendant).

PER CURIAM.  The plaintiff brought this action to recover for injuries claimed to have been suffered when a trolley car in which she was riding collided with an automobile operated by the defendant.  The verdict was in favor of the defendant and the plaintiff has appealed from the denial of her motion to set it aside and for errors during the trial.  It was not disputed that the defendant, having attempted to back between two automobiles parked by the curb and failed, drove his car out again into the street beside one of the parked cars, that the trolley track at this point curved slightly, that the trolley had stopped shortly before to take on a passenger and was going very slowly, that the motorman saw the automobile when he was some distance away and judged that he had ample room to pass, and that the rear step of the trolley, as he tried to pass, swung a little out of line and struck the front tire and mud guard of the auto-

mobile. All the witnesses who testified as to the way in which the accident happened agree that the automobile was stopped at the time it was struck, and an inference to the contrary would depend upon nothing more than a guess or surmise by the jury that the rear step would swing no further on the curve than the front of the car. The defendant testified that, while he looked to the rear when he first attempted to back to the curb and again when he started out from the space by the curb into the street, he did not see the trolley until he had stopped and at that time it was passing the automobile. He also stated that he thought the trolley had plenty of room to pass.

There was no testimony offered as to whether or not the defendant gave any signal of his intention to stop, back or change his course, but if it is to be assumed that he did not, the jury might well have found, in view of the testimony of the motorman that he saw the automobile while it was some distance away standing in the street, that a failure to signal was not a proximate cause of the accident. Negligence could only be predicated on a conclusion that the defendant, when he ought reasonably to have seen the trolley approaching, drove his automobile so close to the track that the trolley could not pass without striking it. In view of the fact that both the defendant and the motorman testified that they thought there was ample room for it to pass, the jury might reasonably have reached the conclusion that the accident was due to an error in judgment upon the part of the defendant not amounting to a failure to use the care of a reasonably prudent driver of an automobile situated as he was. The trial court was right in refusing to set the verdict aside.

The assignments relating to the charge of the court

are not sound. The comment it made upon a certain inference the plaintiff asked the jury to draw was well within its discretion. The single ruling on evidence assigned as error does not appear in the finding. The statement in the claims of proof of the defendant which the plaintiff seeks to have stricken out undoubtedly represents the conclusion of fact the defendant asked the jury to draw from all the evidence in the case.

There is no error.